PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUAN ALI-BEY WYLEY EL, ) | |
| ) | CASE NO. 1:14cv1550 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JOSEPH GAUNTER, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Resolving ECF Nos. 2; 4; 5] |

Plaintiff, describing himself as "Grand Chief Master Juan Ali-Bey Wyley El," filed this action *pro se* against Joseph Gauntner[1] in his official capacity as Administrator of Cuyahoga County Job & Family Services in connection with a May 19, 2014 decision regarding Plaintiff's child support obligations. ECF No. 1-1. Plaintiff has filed a motion to proceed *in forma pauperis*. ECF No. 2. Defendant has filed a motion to dismiss Plaintiff's action pursuant to Fed. R. Civ. P. 12(b)(6) and for an order sanctioning the plaintiff as a vexatious litigator pursuant to 28 U.S.C. § 1915(g). ECF No. 4. Plaintiff has also filed a motion for summary judgment. ECF No. 5. Plaintiff's motion to proceed *in forma pauperis* is granted, but, for the reasons stated below, his complaint is dismissed.

---

[1] Plaintiff has incorrectly named Defendant as "Joseph Gaunter" in his pleadings. ECF No. 6.

(1:14cv1550)

## Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982); Haines v. Kerner, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action at any time under 28 U.S.C. § 1915(e)(2)(B) if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. See Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). A plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations omitted). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to state a claim. Id.

A complaint is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may accordingly dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327. An action has no arguable basis in fact "if it describes fantastic or delusional scenarios." Abner v. SBC (Ameritech), 86 F. App'x 958, 958–59 (6th Cir. 2004); *see*

(1:14cv1550)

also *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

Plaintiff's complaint fails to comply with basic pleading requirements and is legally and factually frivolous. Plaintiff does not put forth any intelligible factual allegations in his pleading to give Defendant fair notice of the factual basis for his claims. His complaint advances no intelligible factual basis at all, or any viable legal claim against Defendant. Instead, Plaintiff merely presents an incomprehensible amalgam of legal conclusions, theories, and assertions in a rambling stream of consciousness untethered to any arguably rational basis in law or in fact. The complaint is frivolous and fails to state a viable claim for relief. Accordingly, upon review, the Court finds Plaintiff's complaint subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

For the reasons stated above, this action is hereby summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of this ruling, the parties' dispositive motions are denied as moot. ECF Nos. 4; 5. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

February 27, 2015      */s/ Benita Y. Pearson*
Date      Benita Y. Pearson
     United States District Judge